IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THARON B. HILL, | No. C 04-4282 MMC (PR) |
| Petitioner, | **ORDER DENYING MOTION TO DISMISS; TO SHOW CAUSE** |
| v. | |
| CALIFORNIA BOARD OF PRISON TERMS, | **(Docket No. 6)** |
| Respondent. | |

Tharon Hill ("petitioner"), a prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision of the Board of Prison Terms ("BPT") to deny him parole. After reviewing the petition, the Court dismissed one of the two claims, finding a failure to state a cognizable basis for federal habeas relief; the Court found cognizable the remaining claim, specifically, petitioner's claim that the denial of parole violated his right to due process because such denial was not supported by any evidence. See Superintendent v. Hill, 472 U.S. 445, 456 (1985) (holding, in context of revocation of good time credits, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). The Court ordered respondent to show cause why the petition should not be granted, and respondent thereafter filed a motion to dismiss the petition on the ground that petitioner's remaining claim is not exhausted, as required by 28 U.S.C. § 2254(b),(c). Petitioner has filed an opposition; respondent, athough ordered to do so, has not filed a reply.

## BACKGROUND

In 1987, petitioner was convicted of conspiracy to commit first degree murder, and was sentenced to twenty-five years to life in state prison. On March 5, 2003, the BPT held a parole suitability hearing, at which it denied parole. Petitioner challenged the denial in a petition for a writ of habeas corpus filed April 19, 2004 in the Marin County Superior Court. The petition was transferred to the Butte County Superior Court, where it was denied on June 2, 2004. The order denying the petition stated: "The vague, unsupported, and conclusionary allegations contained in the Petition are insufficient to allow for intelligent consideration of the issues which petitioner has attempted to raise. In re: Swain (1949) 34 Cal.2d 300; In re Patton (1918) 178 Cal. 629." On June 17, 2004, petitioner filed a habeas petition in the California Court of Appeal, where, one week later, it was summarily denied in a one-line order without citation. On July 8, 2004, petitioner filed a petition for review of that decision in the California Supreme Court, which, on September 15, 2004, after having extended the time to rule thereon, likewise summarily denied the petition in a one-line order without citation. The instant petition followed.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings the length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). A federal habeas petition that contains an unexhausted claim must be dismissed. See Rose, 455 U.S. at 510.

Here, respondent does not argue that the due process claim remaining in the instant petition was not included in the petition for review filed in the California Supreme Court; rather, he argues that the claim was not "fairly presented" to that Court. In order to satisfy the

2

exhaustion requirement, the federal claims must have been "fairly presented" to the highest state court. See Picard v. Connor, 404 U.S. 270, 275 (1971). It does not constitute "fair presentation" if the claim is raised in a procedural manner that makes it unlikely that the claim will be considered on the merits. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see, e.g., Kibler v. Walters, 220 F. 3d 1151, 1153 (9th Cir. 2000) (holding, where state habeas petitioner failed to satisfy procedural requirements for presentation of his claims to Washington Supreme Court, petitioner failed to fairly present his claims for purposes of federal habeas review).

      Here, respondent argues that petitioner did not fairly present his due process claim to the California Supreme Court because he did not present the claim in such a way that it would have been likely to have been considered on the merits. In support of this argument, respondent points to the state court decisions rejecting petitioner's habeas claims. In Ylst v. Nunnemaker, 501 U.S. 797 (1991), the United States Supreme Court held that where the last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the claim on its merits. Ylst, 501 U.S. at 801-06. Here, the California Supreme Court and California Court of Appeal both summarily rejected petitioner's claims, such that the last reasoned state court opinion was that of the Butte County Superior Court. As explained above, the Superior Court's rejection of the claim was not on its merits, but was based on the Swain procedural bar against vague and conclusory habeas claims. See In re Swain, 34 Cal.2d at 303 (holding court's determination that vague, conclusory allegations of habeas petition are insufficient to warrant issuance of writ does not constitute ruling on merits).[1] Consequently, the presumption set forth in Ylst is applicable.

      Petitioner argues that the California Supreme Court's extension of its own deadline for ruling on the petition nonetheless shows that the Supreme Court did in fact consider the petition's merits, because it would not have needed the extra time to rule on the petition if it

---

[1] The other case cited by the Superior Court, In re Patton, 178 Cal. 629 (1918), simply contains an earlier statement of the same bar against "vague, conclusory and unsupported" claims as set forth in Swain.

3

1 was simply adopting the procedural bar imposed by the Superior Court.  This argument is not

2 persuasive, in that any number of factors, including a large docket, could have resulted in the

3 California Supreme Court's need for additional time to rule on the petition.[2]  Accordingly,

4 under Ylst, this Court presumes that the California Supreme Court's denial of the petition for

5 review was based on the Swain procedural bar set forth in the Superior Court's opinion and that

6 the Supreme Court did not silently disregard the Swain bar and consider the merits of the

7 claim.

8       What remains to be determined is the effect of the California Supreme Court's

9 rejection of petitioner's due process claim based on Swain.  When, as here, Swain is cited by a

10 state court to indicate claims were not alleged with sufficient particularity, that deficiency,

11 when it exists, can be cured in a renewed state petition and, as a result, state judicial remedies

12 are not considered exhausted.  See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

13 Nevertheless, a citation to Swain does not itself establish a failure to exhaust.  See id. at 1319.

14 Rather, this Court must make an independent determination as to whether the due process

15 claim at issue herein was presented to the California Supreme Court "with as much particularity

16 as is practicable," see id. at 1320, and, if this Court finds the claim actually was alleged as

17 specifically as practicable, such claim must be considered exhausted, see id. at 1319-20.

18       In that regard, a review of the petition presented to the California Supreme Court

19 reflects that petitioner explained, over the course of four pages, why there was not "some

20 evidence" to support the BPT's finding that petitioner was not suitable for parole.  See Respt's

21 Ex. G at 4-7.  Petitioner specifically challenged eleven separate findings made by the BPT in

22 support of the denial, and he explained how each one of these findings lacked any evidentiary

23 support and/or was conclusively refuted by other evidence in the record.  See id.; see also id. at

24 3 (citing, inter alia, Superintendent v. Hill, 472 U.S. at 456).   This Court is unable to discern,

25 and respondent does not explain, how petitioner, as a practical matter, could have presented his

26 claim with more particularity.  See Kim, 799 F.2d at 1320.      Accordingly, the Court finds

27

28     [2]In all, the California Supreme Court rendered its decision within 90 days of the date the petition for review was filed.

1 petitioner fairly presented his due process claim to the California Supreme Court and,
2 consequently, that he has exhausted his state judicial remedies.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss is DENIED.

Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **30 days** of respondent's filing of the answer.

Upon a showing of good cause, requests for a reasonable extension of time will be granted, provided such requests are filed on or before the deadline they seek to extend.

This order terminates Docket No. 6.

IT IS SO ORDERED.

DATED: September 7, 2005

_____
MAXINE M. CHESNEY
United States District Judge